# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2021

Lyle W. Cayce
Clerk

No. 20-50051
Summary Calendar

U.S. Bank National Association,
*as Legal Title Trustee for Truman 2016 SC6 Title Trust*,

*Plaintiff—Appellee*,

*versus*

Gloria Blizzard,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 1:18-CV-360

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Gloria Blizzard moves to appeal *in forma pauperis* ("IFP") from a judgment dismissing her counterclaims under Federal Rule of Civil Procedure 12(b)(6) and granting summary judgment on the foreclosure claims of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50051

U.S. Bank National Association (U.S. Bank) under Federal Rule of Civil Procedure 56(a). The district court construed Blizzard's initial federal pleading as a removal petition based on diversity jurisdiction under 28 U.S.C. § 1332 rather than as a federal civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); 18 U.S.C. § 1964(c).

Both parties contend that we should construe the action as an original federal action. U.S. Bank asserts there is no federal diversity jurisdiction if the action is deemed a removal because Blizzard, a Texas resident, could not properly remove the action from Texas state court under 28 U.S.C. § 1441(b)(2). But § 1441(b)(2) is a waivable procedural requirement, not a rule of subject-matter jurisdiction. *See Adam v. Berry (In re 1994 Exxon Chem. Fire)*, 558 F.3d 378, 392–93 (5th Cir. 2009). Because U.S. Bank did not move to remand and invoke § 1441(b)(2), and because § 1332's other requirements are met, the district court had jurisdiction. *See Moss v. Princip*, 913 F.3d 508, 514 n.10 (5th Cir. 2019).

There is some question about Blizzard's financial eligibility to proceed IFP. But we do not address that issue, because she fails to identify any nonfrivolous issue for appeal. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Blizzard contends that the district court wrongly realigned the parties to make her the defendant rather than a plaintiff, thereby preventing her from developing her RICO claim. Given Blizzard's enigmatic initial pleading, the court did not abuse its discretion by realigning the parties to conform to the state action. *See Lloyd v. Pendleton Land & Expl., Inc.*, 22 F.3d 623, 625 (5th Cir. 1994). Further, the realignment did not prevent Blizzard from raising any issue or asserting a RICO counterclaim.

The district court correctly found that Blizzard's conclusional assertions failed to state a plausible RICO counterclaim. *See Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Neither the realignment nor the dismissal of the RICO counter-claims provides a nonfrivolous issue for appeal.

Although the district court did not explicitly apply claim preclusion (res judicata) or issue preclusion (collateral estoppel), and U.S. Bank did not plead any preclusion doctrine, this court "may raise the issue of res judicata sua sponte as a means to affirm the district court decision." *Russell v. Sun-America Sec., Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992) (internal quotation marks and citation omitted); *see United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 330 (5th Cir. 1983); *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981). Issue preclusion or collateral estoppel provides that "if a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that same issue in a subsequent suit." *United States v. Mollier*, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988); *see United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

In a foreclosure action in the Western District of Texas, Wilmington Trust, National Association ("Wilmington"), obtained a judgment allowing foreclosure on Blizzard's property. Wilmington assigned the foreclosure rights to U.S. Bank while the case was on appeal; we affirmed. *See Wilmington Trust, N.A. v. Blizzard*, 702 F. App'x 214, 215-18 (5th Cir. 2017). Consequently, Blizzard is precluded by collateral estoppel from relitigating any issue that was "identical to the one involved in the prior litigation," that was "actually litigated in the prior" action, and that was "a critical and necessary part of the judgment in that earlier action." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). Blizzard is precluded from relitigating her contentions that she is not liable for the mortgage debt, that there were defects in the assignment of the foreclosure rights to Wilmington, and that foreclosure is otherwise not warranted.

No. 20-50051

Although Blizzard is not necessarily precluded by the *Wilmington* judgment from challenging the transfer from Wilmington to U.S. Bank, she has no right, under Texas mortgage law, to attack the validity of any assignment of the note because there is no assertion that any assignment was void *ab initio. See Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517, 520-21 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (*citing Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 225–26 (5th Cir. 2013)); *see also Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017); *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 782 (5th Cir. 2015).

Moreover, Blizzard has offered only vague, conclusional, and irrelevant assertions of fraud and other presumptions and suspicions of ill-defined irregularities that are inadequate to state any plausible claim or show a genuinely contested issue of fact that is material to the conclusion that the defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 9(b) (requiring a party to "state with particularity the circumstances constituting fraud"); Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 56(a); *Twombly*, 550 U.S. at 555; *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018) (noting the inadequacy of conclusional assertions); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985) (holding that conclusional assertions, without reference to specific facts or evidence, are insufficient to state a claim of a conspiracy).

Because Blizzard shows no nonfrivolous issue for appeal, her IFP motion is denied, and her appeal is dismissed as frivolous. *See McGarrah*, 783 F.3d at 584; 5th Cir. R. 42.2. Blizzard is warned that frivolous actions or appeals will invite sanctions, including monetary sanctions and limits on her access to this court and any court subject to this court's jurisdiction.