# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

SURAN WIJE,

      Plaintiff - Appellant

v.

DOCTOR ANN STUART; DOCTOR ROBERT NEELY; DOCTOR ANN STATON; DOCTOR JENNIFER MARTIN; DOCTOR DANIEL MILLER; DOCTOR BARBARA PRESNALL; DOCTOR ANALOUISE KEATING; DOCTOR LINDA RUBIN; DOCTOR STEPHEN SOURIS; DOCTOR CLAIRE SAHLIN; DOCTOR CHRISTIAN HART; DOCTOR DANIELLE PHILLIPS; TEXAS WOMAN'S UNIVERSITY,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-571

---

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    The pro se plaintiff sued the defendants for allegedly unlawful acts committed against him while he was enrolled as a student at Texas Woman's

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40495

University.  The district court granted the defendants' motion to dismiss.  The plaintiff appealed.  We AFFIRM.

Suran Wije brought this suit in September 2014.  His fifth amended complaint asserts claims against Texas Woman's University and several individual defendants arising out of Wije's experience as a student at the University.  Wije alleges that he was discriminated against when a professor changed grading criteria after an exam was administered and again when that professor penalized him for missing class to attend an award ceremony.  He engaged in the University's grade-appeal process and alleges that the individual defendants were involved at some point during that process.  He also alleges that he was retaliated against when he was denied admission to a graduate program in Women's Studies at the University.

The district court construed Wije's complaint liberally and found that it included twenty-five claims against the defendants.  The magistrate judge provided a comprehensive, forty-five-page report concluding that all of Wije's claims should be dismissed for lack of standing and also providing additional bases for dismissing the claims "for purposes of completeness[.]"  The magistrate judge recommended granting the defendants' motion to dismiss the claims "in their entirety with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  The district court analyzed and rejected each of Wije's objections to the report and recommendation, adopted the report and recommendation, and dismissed Wije's claims.  It also denied his motion to appoint counsel.

Wije submits that the district court erred in ordering a dismissal before discovery and despite evidence supporting his claims.  The defendants argue, however, that Wije failed to make sufficient briefing of his legal arguments on appeal.

2

No. 16-40495

Because Wije is proceeding pro se in this case, we construe his brief liberally and with less stringent standards than otherwise apply. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, "pro se parties must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate Procedure] 28." *Id.* The brief must, for example, set out the "facts relevant to the issues submitted for review, describ[e] the relevant procedural history, and identify[] the rulings presented for review[.]" FED. R. APP. P. 28(a)(6). It must contain "citations to the authorities and parts of the record on which the appellant relies[.]" FED. R. APP. P. 28(a)(8)(A). Wije's initial brief must present his arguments, as we do not consider arguments raised for the first time in a reply brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Wije's brief is insufficient and prevents us from being able to evaluate his legal argument. Although he recites general grievances towards the University, he fails to explain the factual basis for his individual claims. He refers to various parts of the district court's order dismissing his claims, but he fails to explain how the district court erred and fails to provide authority in support of any claimed error. *See Price v. Dig. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988). Wije has failed to preserve his argument on appeal. Moreover, Wije's insufficient briefing prejudiced the defendants because they were forced to "speculate as to the relevant issues" when responding to Wije's brief. *See Grant*, 59 F.3d at 525.

We note that Wije's argument, though insufficiently briefed on appeal, is similar to an objection he made to the magistrate judge's report and recommendation. There, as here, he failed to address many of the recommended bases for dismissing his claims, including lack of standing and immunity. The district court rejected Wije's objection, an action which Wije suggests is an indication the "district court may be in a doctrinal 'legal

3

straitjacket' regarding the proceedings and disposition of [this] case." To the extent Wije is suggesting that either the district court or we should disregard applicable law in order to address his grievances, his suggestion is meritless.

AFFIRMED.