# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2021

Lyle W. Cayce
Clerk

No. 20-50070
Summary Calendar

Suran Wije,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-660

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Suran Wije moves for leave to appeal in forma pauperis (IFP) from the denial of his claims against the United States Department of Education (USDE) under the Federal Tort Claims Act (FTCA). The district court dismissed the action for failure to state a claim under 28 U.S.C. § 1915(e)(2).

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

The district court also denied leave to appeal IFP because the appeal is not in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (unpublished).

In his complaint, Wije contended that the USDE negligently failed to protect him from constitutional violations by the Texas Woman's University (TWU). He argues that the USDE had a duty to act in his favor based on a mission statement on the USDE's website, a broad policy statement in a form letter from the USDE's Office of Civil Rights, and more generally under the Constitution. The district court properly dismissed his action because his claims are not based on any "law of the place"—in this case, Texas law— under which "the United States, if a private person, would be liable." 28 U.S.C. § 1346(b)(1); *see FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Coleman v. United States*, 912 F.3d 824, 835 (5th Cir. 2019).

Further, the action is barred by the discretionary function exception of 28 U.S.C. § 2680(a) because Wije fails to allege any specific nondiscretionary duty imposed on the USDE. *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). We also note that the claims and issues in this action are indistinguishable from those rejected in a 2014 action against TWU and the USDE. *See Wije v. Stuart*, 694 F. App'x 234, 235-36 (5th Cir. 2017). Wije is precluded from relitigating those clams and issues. *See United States v. Shanbaum*, 10 F.3d 305, 310-11 (5th Cir. 1994) (addressing the doctrines of issue preclusion and claim preclusion).

Wije has failed to identify any nonfrivolous issue for appeal. *See McGarrah*, 783 F.3d at 584. Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED AS FRIVOLOUS.

In addition to this frivolous appeal, Wije has filed two essentially identical and equally meritless civil actions. He is therefore WARNED that the filing of additional repetitive or frivolous actions or appeals will result in

No. 20-50070

sanctions, including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.