# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31060

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2017

Lyle W. Cayce
Clerk

EDWARD SIMMONS,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY; STEPHINE LAMARTINERE, Assistant Warden; SHAWNEE GUILEYARDO; CHRISTINE DARBONNE, Emergency Medical Technician, UNKNOWN CARMAUCHE, Emergency Medical Technician; UNKNOWN COLLEEN, Sergeant, T.U. Kitchen; BRODDIE ROGER, Lieutenant; JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-664

Before JOLLY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Edward Simmons, Louisiana prisoner # 103371, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant of summary judgment and dismissal of his 42 U.S.C. § 1983 complaint alleging that the defendants were deliberately indifferent to his serious medical needs, retaliated against him for requesting emergency medical attention and filing prior administrative grievances, and failed to afford him a disciplinary hearing after placing him in administrative segregation in connection with a wrongful disciplinary charge.  The district court denied Simmons's IFP motions and certified that the appeal was not taken in good faith.  By moving for IFP status, Simmons is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Simmons does not challenge the district court's dismissal of his official capacity claims or its refusal to exercise supplemental jurisdiction over any remaining state law claims.  He also does not challenge the district court's denial of his cross-motion for summary judgment.  These issues are therefore abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As Simmons correctly notes, Administrative Remedy Procedure (ARP) No. LSP-2014-1734 was not exhausted when he filed suit.  *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Nevertheless, ARP No. LSP-2014-1734 did not specifically address the events set forth in his complaint, and the two ARPs pertaining to those events were exhausted for purposes of 42 U.S.C. § 1997e(a).  Therefore, Simmons has not shown that a nonfrivolous issue exists regarding the exhaustion of his administrative remedies.

The district court's dismissal of Simmons's § 1983 claims likewise does not present a nonfrivolous issue for appeal.  Because the defendants asserted their entitlement to qualified immunity in a properly supported motion for summary judgment, the burden shifted to Simmons to come forward with competent summary judgment evidence showing that the defendants were

deliberately indifferent to his serious medical needs. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Even if we were to consider Simmons's unsworn allegations competent summary judgment evidence, they were insufficient to create a genuine issue of material fact precluding a summary judgment. *See Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Notably, Simmons presented no evidence that he was substantially harmed by the less than nine-hour delay in treatment or by the alleged deviations from his prescribed diet.

Simmons has also failed to show that the district court erred in concluding that his retaliation allegations were conclusional and insufficient to preclude summary judgment. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Finally, because Simmons's placement in administrative segregation did not implicate a constitutionally protected liberty interest, *see Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), the district court need not have examined whether he was afforded due process in connection with that charge, *see Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

Simmons has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, his IFP motion is denied, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The dismissal of Simmons's appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Court records show that Simmons has accumulated at least one other strike based on the district court's dismissal of his complaint as malicious in *Simmons v. Foti*, No. 2:98-cv-1332 (E.D. La. June 15, 1998). Simmons is

cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.