# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2022

Lyle W. Cayce
Clerk

No. 21-30610
Summary Calendar

---

Edward Simmons,

*Plaintiff—Appellant*,

*versus*

James LeBlanc, *Secretary, in his individual and official capacity*; Todd Barrere, *Warden, in his individual and official capacity*; Thomas, *Colonel, in his individual and official capacity*; Lieutenant Colonel Johnson, *in his individual and official capacity*; Unknown Verrett, *Major, in his individual and official capacity*; Lance, *Major, in his individual and official capacity*; Cobb, *Captain, in his individual and official capacity*; Whitaker, *Captain, in his individual and official capacity*; Harris, *Lieutenant, in his individual and official capacity*; Fisher, *Lieutenant, in his individual and official capacity*; Jasmain Flugene, *Sergeant, in his individual and official capacity*; Butler, *Sergeant, in his individual and official capacity*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-378

---

Before JONES, ELROD, and WILSON, *Circuit Judges*.

PER CURIAM:*

Edward Simmons, Louisiana prisoner # 103371, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action. The district court found that Simmons did not properly exhaust his administrative remedies before commencing his suit as required by 42 U.S.C. § 1997e.

By seeking leave to proceed IFP in this court, Simmons is contesting the district court's denial of leave to proceed IFP and its certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Simmons has not raised a nonfrivolous issue as to whether he properly exhausted his administrative remedies. His grievances, which were rejected as procedurally improper, did not exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016). Likewise, there is no indication that his disciplinary appeal, which is subject to a specialized administrative remedy procedure, resulted in the exhaustion of his failure-to-protect claim in these circumstances.

Thus, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. This dismissal counts as one strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537–38 (2015). Simmons has two previous strikes. *See Simmons v. La. Dep't of Pub. Safety & Corr.*, 697 F. App'x 345, 347 (5th Cir. 2017). He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

now has three strikes. *See Coleman*, 575 U.S. at 537. Thus, he is now BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *McGarrah v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015) (per curiam).