# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30763

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

DENNIS RAY DAVIS, JR.,

Plaintiff-Appellant

v.

ROBERT BOBBY WHYCE; CHERLY STILLS; YOULANDA WILLIAMS; THERESA RUFFIN; LIEUTENANT SHARON; CADDO CORRECTIONAL CENTER; JAMES T. DIXON; PAMELA SMART; CARLOS PRUDHOMME; RICKEY SWIFFTS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-9

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Dennis Ray Davis, Jr., Louisiana prisoner # 469947, moves this court for leave to proceed in forma pauperis (IFP) in appealing the district court's sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A of his 42 U.S.C. § 1983 action against the Caddo Correctional Center, five jail employees, and four public defenders or members of public defender boards.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Construed liberally, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), Davis's largely incomprehensible pro se pleadings complain of errors in the state court bond process and allege that he has been falsely imprisoned since August 3, 2016, on state charges of attempted first degree murder and armed robbery using a firearm.  Additionally, Davis asserts that he was subjected to double jeopardy with respect to two 2016 state convictions for driving while intoxicated, and he complains of his state court counsel's performance.

By moving to proceed IFP in this court, Davis is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  In evaluating whether an appeal is taken in good faith, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).   Where the merits of an appeal are so intertwined with the certification decision as to constitute the same issue, we may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous.  *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.  We review de novo the district court's dismissal of Davis's complaint pursuant to §§ 1915(e)(2)(B) and 1915A.  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Davis has failed to raise an arguable legal issue with respect to the dismissal of his claims against the public defender defendants for failing to satisfactorily resolve his legal issues.  *See Howard*, 707 F.2d at 220.  To state a claim under § 1983, a plaintiff must allege the violation of a constitutional right committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  As the district court concluded in denying relief, the public defender defendants were not acting under color of state law while

No. 18-30763

representing Davis in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Likewise, Davis has failed to raise an arguable legal issue with respect to the dismissal of his claims for release from custody. *See Howard*, 707 F.2d at 220. As the district court recognized, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, to the extent that Davis is seeking damages for the violation of his right against double jeopardy with respect to two 2016 DWI convictions, his claims are frivolous as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). In *Heck*, 512 U.S. at 486-87, the Supreme Court held that a § 1983 plaintiff may not recover damages for allegedly unconstitutional conviction or imprisonment without proving that the conviction or sentence has been invalidated or called into question, which Davis has not done here. Additionally, while Davis reasserts his claims below for damages for false imprisonment, he has failed to address, and thereby abandoned any challenge to, the district court's determination that those claims are barred by *Heck*. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In light of the foregoing, Davis's motion for leave to proceed IFP is DENIED, and his remaining motions for bail pending appeal, to expand the certificate appellant bond, and to stay his state court proceedings are likewise DENIED. His appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

No. 18-30763

Our dismissal of the instant appeal and the district court's dismissal of Davis's action count as two strikes for purposes of § 1915(g). *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). Davis previously accrued a § 1915(g) strike in a prior prisoner's civil rights lawsuit. *See Davis v. Wyche*, No. 5:17-CV-1230 (W.D. La. Dec. 15, 2017). Since Davis now has three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.