# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10618

TYRON ALAN MCGARRAH,

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

BOB ALFORD; EDDIE WILLIAMS; JIMMY JOHNSON; RODNEY COOPER; BRANDON WOOD,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1125

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tyron Alan McGarrah, Texas prisoner # 01936601, moves to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that he was denied access to a law library and therefore was deprived of his constitutional right of access to the courts. The district court dismissed McGarrah's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court also denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10618

McGarrah's motion for leave to proceed IFP on appeal, certifying that the appeal was frivolous and not taken in good faith.

By moving in this court for leave to proceed IFP, McGarrah is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Although McGarrah contends that he is being denied access to legal research materials, he fails to address the district court's finding that "[s]ince Plaintiff is represented by counsel, he has failed to state a claim for denial of access to the courts." By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal.

McGarrah's appeal is without arguable merit and therefore is frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal as frivolous. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Additionally, McGarrah accumulated two strikes in other proceedings in which he filed § 1983 complaints that were dismissed by the district court as frivolous. *See McGarrah v. Williams*, No. 3:14-CV-1119-M, 2014 WL 4696015, at *1 (N.D. Tex. Sept. 18, 2014) (unpublished); *McGarrah v. Kimbrow*, No. 3:14-CV-2088-B-BK, 2015 WL 105228, at *1 (N.D. Tex. Jan. 6, 2015) (unpublished). Accordingly, McGarrah has accumulated more than three strikes and is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 14-10618

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.