# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2021

Lyle W. Cayce
Clerk

No. 19-11227
Summary Calendar

ANESHA NICOLAY COLEMAN,

*Plaintiff—Appellant*,

*versus*

PATRICIA GROOM, *American Postal Workers Union Union Representative*; LOUIS DEJOY, *United States Postmaster General*; LARRY WAGENER, JR., *Sr. United States Postal Service North Texas P&DC Installation Plant Manager*; KAMALAMMAL PILLAI, *United States Postal Service North Texas P&DC Supervisor*; GERALDINE FULTON, *United States Postal Service North Texas P&DC Supervisor Tour 1 Payroll*; ELVIN A. REMEMBERT, *Larry Wagener's Spokesperson*; BRITTANY LINDSAY, *United States Postal Service Tort Claim Adjudicator*; GARY VACCARELLA, *United States Postal Service Manager, Injury Compensation & Medical Services*; KYIOKA M. RAHIM, *United States Postal Service Manager, Health & Resource Management*; PATRICIA THIGPEN, *United States Postal Service North Texas P&DC Operations Manager*; JAMES HEARD, *United States Postal Service North Texas P&DC Safety Captain*; ROSEMARY GREER, *United States Postal Service North Texas P&DC Safety Captain*; ALBERT RUIZ, *United States Postal Service Spokesperson*; CINDY GREG, *United States Postal Service North Texas P&DC Security*; NFN ROBERTS, *Larry Wagener's Secretary*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CV-1155

Before HIGGINBOTHAM, SMITH, and OLDHAM, Circuit Judges.
PER CURIAM:*

Anesha Coleman moves to appeal *in forma pauperis* ("IFP") from the dismissal of a civil action in which she made numerous assertions arising from a mercury spill in a U.S. Postal Service facility. By moving to appeal IFP, Coleman challenges the district court's certification that her appeal is not in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). "An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous." *Id.* We may dismiss a frivolous appeal. *Id.*; *see* 5TH CIR. R. 42.2.

The district court dismissed under Federal Rule of Civil Procedure 41(b) after Coleman had refused to remedy deficiencies in her complaint and in her district court IFP motion. In her responses to the court's deficiency notices and orders, she argued, among other things, that the magistrate judge was abusing her power and operating as the agent of a foreign principal; as a "natural person," Coleman had the right to proceed without paying fees; and her personal data and signatures were the equivalent of currency. Coleman also vaguely asserted that federal reserve notes are invalid.

The district court recognized that a dismissal without prejudice might have the same effect as a dismissal with prejudice because of the likelihood

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

that Coleman would be time-barred from filing a new action. The court therefore applied a stricter standard that allows dismissal "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (internal quotation marks and citation omitted). The court observed that, despite receiving three deficiency notices and orders and a magistrate judge's questionnaire, Coleman had refused to provide necessary financial information to support her IFP motion. Further, the court found that her noncompliance was intentional; it was attributable to her alone; and no lesser sanction than dismissal would be effective. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Nottingham*, 837 F.3d at 440–41.

Coleman reiterates her meritless arguments. She has failed to show either financial eligibility or a nonfrivolous issue for appeal. *See McGarrah*, 783 F.3d at 584; *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See McGarrah*, 783 F.3d at 584–85; 5TH CIR. R. 42.2.