# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2021

Lyle W. Cayce
Clerk

No. 20-20224
Summary Calendar

Monica Hardaway; Glenn Hardaway,

*Plaintiffs—Appellants*,

*versus*

Select Portfolio Servicing Incorporated;
Deutsche Bank National Trust Company
*as Trustee, in Trust for Registered Holders of Long Breach Mortgage Loan Trust 2006-WL1, Asset-Backed Certificates, Series 2006-WL1*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-CV-1062

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Monica and Glenn Hardaway, proceeding *pro se* in state court, filed an action seeking damages and relief from the foreclosure on their house based

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

on their assertion that the defendants, Deutsche Bank National Trust Company ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS"), lacked the "standing" or legal authority to foreclose because they fraudulently or invalidly obtained the foreclosure rights of the original lender, Long Beach Mortgage Company ("LBMC," also known as Long Beach Mortgage Loan Company). The case was removed to federal court, where the district court granted summary judgment for the defendants after concluding in pertinent part that the Hardaways had defaulted on their loan; that there was no break in the chain of title between LBMC and Deutsche Bank; that—regardless of the validity of any assignment—Deutsche Bank had authority to foreclose because it possessed the note endorsed in blank; and that SPS was the lawful mortgage servicer under Texas law and thus had the authority to administer the foreclosure.

The district court also denied the Hardaways' motion for leave to appeal *in forma pauperis* ("IFP") and certified that the appeal was not taken in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). The Hardaways move for leave to appeal IFP. "An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous." *Id.* The Hardaways' IFP request "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court may dismiss an appeal "when it is apparent that an appeal would be meritless." *Id.* at 202 n.24; *see* 5TH CIR. R. 42.2.

We review the dismissal *de novo*. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual issue is "genuine" if the evidence is sufficient to permit a reasonable jury to find in favor of the nonmoving party; a factual issue is "material" if its resolution would affect the outcome of the action under the applicable

law. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). We view the facts and draw all inferences in the manner most favorable to the party opposing summary judgment, and we do not weigh evidence or credibility. *See id.*; *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009). Nonetheless, unsubstantiated assertions and conclusional allegations are insufficient to defeat a summary judgment motion. *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018).

Because federal jurisdiction is based on diversity, Texas law applies. *Sierra Equip., Inc. v. Lexington Ins. Co.*, 890 F.3d 555, 557 (5th Cir. 2018); *see also Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 360 (5th Cir. 2017) (applying Texas law on mortgages). The Hardaways offer numerous and various assertions of fraud, forgery, other bad acts, and judicial bias that are vague, unsupported, baseless, or irrelevant to the rationale of the district court's decision. Consequently, they fail to show any genuinely contested issue of fact that is material to the district court's conclusion that the defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c)(1), (e)(3); *Crum*, 907 F.3d at 202; *Cuadra*, 626 F.3d at 812.

IFP is DENIED, and the appeal is DISMISSED. *See McGarrah*, 783 F.3d at 584; 5th Cir. R. 42.2.