# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2021

Lyle W. Cayce
Clerk

No. 20-50231
Summary Calendar

Harvey Lelane Searcy, Harvey Lee Lane Searcy *sui juris*,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Governor of the State of Texas, in his individual and official capacities*; Jane Doe, *in her individual and official capacities*; Cynthia D. Tilley, *in her individual and official capacities*; John Doe, *in his individual and official capacities*; Tabitha S. Robinson, *in her individual and official capacities*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-684

---

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50231

Harvey Lelane Searcy, Texas prisoner # 2031801, moves this court for leave to appeal in forma pauperis (IFP) from the dismissal of a civil action in which he made numerous assertions arising from the confiscation of Uniform Commercial Code (UCC) materials he used in an attempt to obtain money and a pardon from Texas Governor Greg Abbott. By moving to appeal IFP, Searcy challenges the district court's certification that his appeal is not in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). "An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous." *Id.* We may dismiss a frivolous appeal. *Id.*; *see* 5TH CIR. R. 42.2.

The district court dismissed the case under Federal Rule of Civil Procedure 41(b) after Searcy refused to pay the filing fee or to file a proper IFP motion. A Rule 41(b) dismissal is proper "where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden*, 837 F.3d 438, 440 (5th Cir. 2016) (internal quotation marks and citation omitted). Searcy's actions in the district court were intentional, contumacious, insubordinate, and attributable to him alone. *See id.*; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). He attempted to pay the fee with a fictional "Simple Bond"—a piece of paper he said was worth $400. After he was warned of potential dismissal because his payment was not valid, he again refused to pay or to file a proper IFP motion unless the district court favored him with additional reasons for rejecting his facially invalid payment attempt. Moreover, he insulted the impartiality and integrity of the district judge and even purported to take action against the judge through additional bogus UCC pleadings. Nothing suggests that a lesser sanction would have been effective.

In this court, Searcy asserts that the district judge was biased and should have recused himself, that the district court's written reasons were

No. 20-50231

inadequate, and that Federal Rule of Appellate Procedure 24(a)(3) does not apply to him. The bias claim is frivolous because it is based solely on the district court's adverse rulings rather than an external factor. *See United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). The complaint about the lack of a written ruling is baseless because the court provided written reasons that notified Searcy why his appeal would not be in good faith. Further, Searcy misconstrues Rule 24, under which he was ineligible to proceed IFP *without prior authorization. See* FED. R. APP. P. 24(a)(3)(A).

Because Searcy has failed to show a nonfrivolous issue for appeal concerning the dismissal under Rule 41(b), his motion for leave to appeal IFP will be denied. *See McGarrah*, 783 F.3d at 584-85. Because the appeal is without arguable merit, it is dismissed as frivolous. *See id.*; 5TH CIR. R. 42.2. This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Searcy is warned that, if he accumulates a total of three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; appeal DISMISSED AS FRIVOLOUS; STRIKE IMPOSED; three-strikes WARNING ISSUED.