# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2021

Lyle W. Cayce
Clerk

No. 20-20324

Michael L. Stout,

*Plaintiff—Appellant*,

*versus*

William Stephens; Brad Livingston; Joni White; Rissie Owens; David Gutierrez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2152

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Michael L. Stout, Texas prisoner # 601193, filed a civil rights complaint asserting that his right to due process was violated by errors in the calculation of his initial parole eligibility date. The district court dismissed the complaint for failure to state a claim upon which relief may be granted

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20324

because Stout does not have a constitutionally protected liberty interest in parole or parole procedures. The district court also denied Stout leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith. By moving to appeal IFP, Stout challenges the district court's certification. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). "An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous." *Id.*

Stout asserts that Tex. Gov't Code Ann. § 508.150(a) gives rise to a liberty interest in release on parole. He asserts also that a provision in the Texas Administrative Code contains mandatory language giving rise to a liberty interest.

We have determined repeatedly that Texas law and regulations do not create a constitutionally protected liberty interest in parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("It is . . . axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole."); *see also Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) ("Because it is entirely speculative whether a prisoner will be released on parole, the court has determined that there is no constitutional expectancy of parole in Texas. Therefore, any delay in Malchi's consideration for parole cannot support a constitutional claim." (internal quotation marks and citation omitted)). Accordingly, Stout's assertion that state officials should have backdated his parole eligibility date as to one of his two consecutive sentences does not involve a protected liberty interest. *See Malchi*, 211 F.3d at 957.

No. 20-20324

Stout has failed to show that his appeal involves legal points arguable on their merits. *See McGarrah*, 783 F.3d at 584. Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *see also* 5TH CIR. R. 42.2.