# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 21-40241

---

MICHAEL JERRIAL IBENYENWA,

*Plaintiff—Appellant*,

*versus*

ELRODDRICK B. WELLS, SR., *Librarian at Telford Unit*; TRACY L. SMITH, *Correctional Officer at Telford Unit*; SAMUEL W. NATIONS, *Correctional Officer at Telford Unit*; CHAD DODDY, *Correctional Officer at Telford Unit*; MICHAEL E. ALSOBROOK, *Assistant Warden at Telford Unit*; OFFICE OF THE ATTORNEY GENERAL; FREDDRICK GOODEN; SANDRA CLARK; CARL MCKELLAR; LONNIE TOWNSEND; WADE ALEXANDER; TEXAS BOARD OF CRIMINAL JUSTICE; TODD E. HARRIS,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:18-CV-68

---

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Michael Jerrial Ibenyenwa, Texas prisoner # 1638105, moves for leave to appeal in forma pauperis (IFP) after the district court dismissed his 42 U.S.C. § 1983 action and certified that an appeal was not in good faith. By moving to appeal IFP, Ibenyenwa challenges that certification. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). Our inquiry is limited to determining whether Ibenyenwa identifies any nonfrivolous issue for appeal. *See id.*; *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We may dismiss a meritless appeal. *Baugh*, 783 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

Ibenyenwa contends that the defendants retaliated against him in various ways for filing more than 50 grievances and abusive and insulting complaints about their management of the law library. Prison officials may not retaliate against an inmate for exercising his right to complain about misconduct or to gain access to the courts. *See Woods v. Smith*, 60 F.3d 1161, 1164-66 (5th Cir. 1995).

Ibenyenwa engaged in a vexatious pattern of filing petty grievances about every aspect of the law library that displeased him or failed to promptly accommodate his every request. The grievances were accompanied by vulgar, insulting, and abusive complaints directed at library staff. We seriously doubt that frivolous grievances and abusive complaints are a legitimate, good-faith exercise of First Amendment rights so as to be protected from retaliation. *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (holding that a prisoner is entitled only to a reasonably adequate opportunity to file nonfrivolous claims); *Jackson v. Cain*, 864 F.2d 1235, 1249 (5th Cir. 1989) (indicating that the use of a grievance procedure would not be

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

justified if a complaint to prison officials is "not in good faith"). We therefore merely assume without deciding that Ibenyenwa was exercising legitimate First Amendment rights.

Regardless, the record in this case exemplifies the need to view prisoners' retaliation claims "with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166 (internal quotation marks and citation omitted). Ibenyenwa's pleadings demonstrate a transparent bid to "inappropriately insulate [himself] from disciplinary actions by drawing the shield of retaliation around [him.]" *Woods*, 60 F.3d at 1166. He essentially "dared" the defendants to respond to his persistent and abusive attacks by promising that every unfavorable action would be regarded as actionable retaliation. Even weighing this necessary skepticism against the liberal construction afforded pro se pleadings, we agree with the district court that Ibenyenwa's conclusional assertions are inadequate to state a claim of retaliation under Federal Rule of Civil Procedure 12(b)(6). *See Woods*, 60 F.3d at 1166. Nor do they present a nonfrivolous issue for appeal. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008).

In addition, an act done with a retaliatory motive "against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006). Despite the defendants' actions, Ibenyenwa's filing of grievances and abusive complaints continued unabated, even during the instant litigation. Any assertion that the defendants "chilled" Ibenyenwa from exercising a constitutional right is belied by Ibenyenwa's own actions.

Further, even if Ibenyenwa were deemed to have stated a plausible claim of retaliation, the district court's application of qualified immunity provided an alternative basis for judgment. *See Lincoln v. Turner*, 874 F.3d

833, 847 (5th Cir. 2017) (holding that claims could be barred by qualified immunity although they survived Rule 12 dismissal). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Ibenyenwa asserts vaguely that the district court's application of qualified immunity was "conclusory." Accordingly, he has not alleged that he had a "clearly established" right to file his abusive grievances or complaints or that the defendants actions were an objectively unreasonable response to them. His conclusional challenge to qualified immunity presents no nonfrivolous issue for appeal. *See Audler*, 519 F.3d at 255.

Ibenyenwa also contends that the district court erred by refusing to allow him to file first and third amended complaints, by wrongly affording Eleventh Amendment immunity to a state entity (that was not named in the operative complaint), and by declining to exercise supplemental jurisdiction over a state law claim about the deduction of funds from a prison account. These issues also present no nonfrivolous issue for appeal.

Accordingly, the IFP motion is DENIED and the appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 783 F.3d at 202 n.24; 5TH CIR. R. 42.2. This dismissal and the district court's dismissal count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015). In addition, in 2015, a district court imposed a strike against Ibenyenwa for filing a similar frivolous § 1983 action. *See Ibenyenwa v. Carrington*, No. 5:12-CV-150 (N.D. Tex. July 14, 2015) (unpublished). Because Ibenyenwa has now accumulated a total of three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 21-40241

IFP DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.