# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 21-20151
Summary Calendar

Anthony Prescott,

*Plaintiff—Appellant*,

*versus*

John Doe, *Food Service Manager*, *Byrd Unit*; Steven Miller, *Warden*, *Byrd Unit*; John Doe, *Officer*, *Byrd Unit*; Bryan Collier, *Executive Director*, *Texas Department of Criminal Justice*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4231

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Anthony Prescott, Texas prisoner # 2174108, seeks leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20151

§§ 1915A and 1915(e)(2)(B). By moving in this court to proceed IFP, he is challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, for the reasons relied upon in the order and judgment, Prescott will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Prescott argues that he is financially eligible to proceed IFP and that his appeal is not brought in bad faith, conclusionally renewing his claim that the defendants conspired to feed him food tainted with a harmful substance with the intent to cause him serious bodily injury, in violation of the Eighth Amendment. However, he fails to brief any argument addressing the reasons for the district court's dismissal. His failure to identify any error in the district court's analysis constitutes an abandonment of such claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, the IFP motion is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and for failure to state a claim and the dismissal as frivolous of this appeal each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Prescott has one previous strike. *See Prescott v. Abbott*, 801 F. App'x 335, 336 (5th Cir. 2020). He now has three strikes. *See Coleman*, 575 U.S. at 537. Thus, he is now BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *McGarrah v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015). Prescott is

No. 21-20151

WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; WARNING ISSUED.