# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 20-40778
Summary Calendar

ALAN R. DECKER,

*Plaintiff—Appellant*,

*versus*

ALAN TODO; ROBERT SHEEHY,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-278

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Alan R. Decker seeks leave to appeal in forma pauperis (IFP) from the dismissal of his private civil action. By moving to appeal IFP, Decker challenges the certification that the appeal is not in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). "An appeal is taken in good faith

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

if it raises legal points that are arguable on the merits and thus nonfrivolous." *Id*. This court may dismiss an appeal "when it is apparent that an appeal would be meritless." *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *see* 5TH CIR. R. 42.2.

The district court dismissed the action as untimely, noting that Decker had failed to show that he was unable to file the action because he was in a coma from 2004 to 2017. However, Decker filed several post-judgment motions, and his notice of appeal thus applies only to the denial of his motion under Federal Rule of Civil Procedure 60. An appeal from the denial of a Rule 60 motion does not bring up the underlying judgment for review. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). The denial of the motion "must have been so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

In his brief, Decker offers a rambling litany of alleged errors, including the district court's failure to believe evidence of his 12-year coma; the defendants' perjury and liability; and various matters of no apparent relevance, such as service of process. He fails show that the denial of the Rule 60 motion was an abuse of discretion. *See Seven Elves*, 635 F.2d at 402. Accordingly, he identifies no nonfrivolous issue for appeal. *See McGarrah*, 783 F.3d at 584. His IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

Decker has filed several frivolous and untimely lawsuits, most of which involve Care Sharp. A district court has warned Decker that "any future frivolous complaints" may result in "a vexatious-litigant-injunction proceeding." *Decker v. Watson*, No. 3:21-CV-212, 2021 WL 4164240, at *2 (S.D. Tex. Aug. 23, 2021). We now also WARN Decker that future frivolous actions, motions, or appeals may result in sanctions, including monetary

No. 20-40778

sanctions and limits on his access to this court and any court subject to this court's jurisdiction.