# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2022

Lyle W. Cayce
Clerk

No. 21-50250

Tujuan Estaisyo Session,

*Plaintiff—Appellant*,

*versus*

Charles Ware, *CO4*; TDCJ Hughes Unit Officials;
Robert Armour, *CO5*; Shane Dulski, *CO4*; Hadley
Herring, *Lieutenant*; Frederick D. Harris, *Sergeant*; Brittany
Hartley, *Correctional Officer*; Jamal D. Lark, *Correctional Officer*;
Kendall Caldwell; Dawn Steward, *TDCJ Nurse*; Lori
Davis, *Director TDCJ*; FNU Loftin, *Superintendent / Warden Alfred
D. Hughes Unit*; Jennifer Elder, *CO5*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CV-1058

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50250

Tujuan Estaisyo Session, Texas prisoner # 01714978, seeks to appeal in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 complaint. The district court found that Session had failed to exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a).

Session's brief does not address the exhaustion issue except to state that he exhausted the Texas prison system's two-step grievance process after he filed suit. Exhaustion must be completed prior to filing suit and is not excused if exhaustion is achieved while the suit is pending. *See Gonzalez v. Seals*, 702 F.3d 785, 788 (5th Cir. 2012). Because Session identifies no nonfrivolous basis for challenging the dismissal of his action, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. All of Session's outstanding motions are also DENIED.

This court's dismissal of the appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See McGarrah v. Alford*, 783 F.3d 584, 584-85 (5th Cir. 2015). Session has a prior strike. *See Session v. Pacheco*, No. 3:11-CV-3448 (N.D. Tex. Apr. 9, 2012) (dismissal as frivolous under § 1915(e)(2)(B)). Accordingly, Session is WARNED that, if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).