# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2022

Lyle W. Cayce
Clerk

No. 20-30592

MICHAEL YOUNG,

*Plaintiff—Appellant*,

*versus*

JAMES LEBLANC, *in his individual and official capacity*; SANDY McCAIN, *in his individual and official capacity*; ROBERT TANNER, *in his individual and official capacity*; KEITH BICKHAM, *in his individual and official capacity*; BEVERLY KELLY, *in her individual and official capacity*; CRAIG KENNEDY, *in his individual and official capacity*; JEFF WILLIAMS, *in his individual and official capacity*; TIM CRAWFORD, *in his individual and official capacity*; RONNIE SEAL, *in his individual and official capacity*; GINA TODD, *in her individual and official capacity*; AMY STOGNER, *in her individual and official capacity*; JULES HERBERT, *in his individual and official capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-6329

No. 20-30592

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Michael Young, Louisiana prisoner # 456140, has moved for leave to proceed in forma pauperis (IFP) from the dismissal of his 42 U.S.C. § 1983 complaint and from the disposition of his Federal Rule of Civil Procedure 59(e) motion. The district court denied him leave to proceed IFP on appeal and certified that the appeal was not taken in good faith.

By moving in this court to proceed IFP, Young is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to whether the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Young alleges that the district court erred in finding that some of his claims were frivolous and failed to state a claim for relief based on a finding that they were barred by the applicable statute of limitations. He asserts that he exhausted his administrative remedies as to all purported incidents after July 2016, and as to his claim that Secretary LeBlanc had in place a policy that caused his constitutional rights to be violated and created a substantial risk to his health and safety. Young's argument is misplaced as the record reflects that the district court concluded only that Young's claims for events occurring prior to June 2016 were untimely and dismissed on other grounds his claims as to all later events. Additionally, his claim as to exhaustion is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30592

inapposite because the district court did not dismiss any of his claims for failure to exhaust administrative remedies.

Regarding his claim that the defendants violated his rights by failing to protect him, Young states that the defendants did not protect him from being assaulted on November 13, 2016. He argues that he asked to be placed in protective custody both before and after this incident but that his requests were denied.

Young's conclusory assertions fail to contest or address the district court's conclusions that, inter alia, his allegations did not support that the defendants were deliberately indifferent to his safety and his need for protection, he was housed in conditions designed to protect him and was not entitled to any particular placement or classification, and he had no grounds on which to contest the denial of his requests for protective custody. Because Young fails to challenge or address the district court's reasons for disposing of his claims and certifying that his appeal was not in good faith, he has abandoned any related claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Young does not reallege any other claims that he raised in his § 1983 suit or assert any other challenge to the district court's certification decision. He also does not present any challenge as to the disposition of his Rule 59(e) motion. Thus, he has abandoned any arguments related to those matters. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Because he has failed to show that his appeal involves a nonfrivolous issue, we DENY his motion to proceed IFP and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

No. 20-30592

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Young has two previous strikes. *See Young v. McCain*, No. 2:16-CV-3404 (E.D. La. May 31, 2017); *Young v. LeBlanc*, No. 2:19-CV-13516 (E.D. La. June 22, 2020). Thus, he is now BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *McGarrah v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.