# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 21-40085
Summary Calendar

Christopher Baker,

*Plaintiff—Appellant*,

*versus*

Tim Puckett; Experian Information Solutions,
Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-599

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Christopher Patrick Baker, former Oklahoma prisoner # 726801, moves to appeal in forma pauperis (IFP) from the dismissal, as untimely, of his claims brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

§ 1681 *et seq.* Baker alleged that the defendants improperly revealed to law enforcement agents protected information about his "data blocking," by which he attempted to fraudulently conceal or manipulate his credit record. The revelations led to Baker's criminal convictions in Oklahoma on several counts of fraud, forgery, and related crimes.

The record fully supports the district court's finding that Baker knew of the defendants' revelations at the time of his criminal proceedings in 2014 and 2015. Thus, Baker's 2018 FCRA action was untimely, having been filed more than two years after the start of the two-year limitations period of 15 U.S.C. § 1681p(1). Baker thus presents no nonfrivolous issue for appeal concerning the dismissal of his action. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). His IFP motion is accordingly DENIED and his appeal is DISMISSED as frivolous. *See id.*; *Baugh v. Taylor*, 117 F.3d 197, 2020 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. All other motions are also DENIED.

Although Baker is no longer a prisoner, he was a prisoner when he filed this appeal, the dismissal of which counts as a strike under 28 U.S.C. § 1915(g). *See McGarrah*, 783 F.3d at 584. He was also a prisoner when a prior strike was imposed by the Western District of Oklahoma in 2020 in a case arising from the same facts as this case. Baker is WARNED that, if he accumulates three strikes under § 1915(g), he will be barred from proceeding IFP in any civil action or appeal if incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *McGarrah*, 783 F.3d at 585; § 1915(g). He is also WARNED that, even if he is not incarcerated, filing frivolous litigation can result in sanctions, including monetary sanctions and limits on his access to court.