# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2022

Lyle W. Cayce
Clerk

No. 20-40637
Summary Calendar

Rhonda M. McLemore,

*Plaintiff—Appellant*,

*versus*

Walmart Incorporated L.L.C. Texas Stores; Jason W. Stewart, *Market Manager*; Cinthya M. Knowlton, *Store Manager*; Raquel Nunez, *Market HR*; Josephine Jacobs,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-689

Before Stewart, Haynes, and Ho, *Circuit Judges*.
Per Curiam:*

Rhonda M. McLemore seeks to appeal in forma pauperis (IFP) from the dismissal, by summary judgment, of her complaint alleging various forms of employment discrimination. McLemore recites broad legal principles

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

without explaining their application to the facts of her case, and she offers random legal and factual conclusions of discrimination or harassment without addressing the summary judgment evidence. She thus fails to address the district court's reasons for judgment as set forth in the magistrate judge's thorough and methodical analysis of the summary judgment evidence with regard to the elements of each of McLemore's liberally construed claims.

Her conclusional assertions do not state a constitutional violation and are inadequate to preserve an issue for appellate review. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244, 246 (5th Cir. 1985). In addition, her recitation of legal principles without showing how the district court misapplied them is tantamount to not appealing. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because McLemore fails to identify any nonfrivolous issue for appealing the district court's dismissal, she fails to refute the district court's certification that the appeal is not in good faith. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). It is likewise "apparent that an appeal would be meritless." *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Accordingly, the IFP motion is DENIED and the appeal is DISMISSED as frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.