# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 5, 2022
Lyle W. Cayce
Clerk

No. 21-50317
Summary Calendar

Terry Lopez,

*Plaintiff—Appellant*,

*versus*

Honorable Judge Phillip Martinez; Krystal Wade, *Assistant United States Attorney*; City of El Paso Office of United States Marshal; Lori Gruver, *El Paso Attorney*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CV-307

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Terry Lopez seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of her complaint, which included allegations of a conspiracy under 42 U.S.C. § 1985(3). Lopez was seeking to collaterally attack a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

judgment of criminal forfeiture that resulted from her husband's drug-trafficking conviction. The forfeiture resulted in the eviction of Lopez and her family from their home.

Lopez unsuccessfully challenged the forfeiture in the district court under 21 U.S.C. § 853(n). This court dismissed Lopez's appeal from the adverse decision in the § 853 proceeding court for want of prosecution when she failed to pay the filing fee or seek leave to proceed IFP in that appeal. Lopez then filed the instant action against, among others, the judge who presided over the criminal proceedings, the prosecutor in the criminal case, the United States Marshals Service, and the City of El Paso. The district court dismissed the action on grounds that Lopez was estopped from collaterally challenging the adverse result of the § 853 proceeding, which was the exclusive means of challenging the criminal forfeiture.

On appeal, Lopez asserts generally that her family's eviction from their home was unconstitutional and egregious. She also offers vague and enigmatic assertions of error by the district court pertaining to the forfeiture and the dismissal of the instant action. By offering conclusory and often irrelevant assertions, Lopez fails to address the district court's fundamental conclusion that she is barred from collaterally challenging the criminal forfeiture order in this civil action. It is thus as if she has failed to appeal the decision at all. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, the district court was correct that § 853(n) provides the exclusive means for a third party to assert an interest in criminally forfeited property. *See* § 853(k); *see also United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 684 (5th Cir. 2013); *United States v. Corpus*, 491 F.3d 205, 208 n.1 (5th Cir. 2007).

Although the forfeiture and eviction have resulted in harsh consequences for Lopez and her family, she has not identified any

nonfrivolous issue for appeal concerning the dismissal of her civil complaint. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir, 2015).  Her IFP motion should be DENIED and the appeal DISMISSED.  *See id.*; *Baugh v Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Lopez has also filed a motion to appoint appellate counsel and a "Bifurcated Omnibus Petition" that has been construed as seeking extraordinary relief.  The motion for appointment of counsel and all outstanding motions are DENIED.