# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-60503

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2023

Lyle W. Cayce
Clerk

Bryan Kerr Dickson,

*Plaintiff—Appellant*,

*versus*

Merrick Garland, *U.S. Attorney General*; William Barr, *Attorney General of the United States*; Colette S. Peters, *Director of the Federal Bureau of Prisons*; Hugh Horwitz, *Director of the Federal Bureau of Prisons*; Kathleen Hawk Sawyer, *Director of the Bureau of Prisons*; Et al.

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-735

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Bryan Kerr Dickson, federal prisoner # 39172-177, has filed a motion to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint. Dickson's IFP motion challenges the district court's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The district court dismissed Dickson's civil action without prejudice on grounds that Dickson had failed to comply with court orders and had failed to prosecute his action. In his IFP motion and incorporated brief, Dickson argues only that he has been allowed to proceed IFP in other cases and that he has not accumulated three strikes under 28 U.S.C. § 1915(g); thus, he asserts that he should be allowed to proceed IFP in the instant matter. Because Dickson fails to brief a challenge to the district court's reasons for dismissing his civil rights action, the relevant issues are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Dickson fails to make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). As discussed by the district court, Dickson has two previous strikes. He incurred his first strike as the result of consolidated civil actions filed in the United States District Court for the Northern District of Texas, which dismissed his claims as frivolous or malicious and for failure to state a claim. *Dickson v. City of Mansfield, Tex.*, No. 4:11-cv-469 c/w No. 4:11-cv-499 (N.D. Tex. Apr. 9, 2012). A portion of that civil action was transferred to the

No. 22-60503

United States District Court for the Western District of Oklahoma, which dismissed the action because Dickson failed to state a claim on which relief could be granted. *Dickson v. Warden, FTC*, No. 5:12-cv-384 (W.D. Okla. May 15, 2012). Dickson accrued another strike as the result of the dismissal, as frivolous, of his appeal of a civil rights action in the Ninth Circuit. *See Dickson v. United States*, No. 16-56864 (9th Cir. July 26, 2017).

Because he has now accumulated at least three strikes, Dickson is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *McGarrah v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015).