# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2023

Lyle W. Cayce
Clerk

————————

No. 23-60044
Summary Calendar

————————

Chaz Pinkston,

*Plaintiff—Appellant*,

*versus*

Jeannette Pointe; Premier Supply Link, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:22-CV-17

———————————————————————

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Chaz Pinkston, Mississippi prisoner # 148934, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. In his IFP motion and brief, Pinkston conclusorily asserts that the district court treated his case carelessly and/or perfunctorily when it: (1) "dismissed his in forma pauperis complaint (for appeal) as legally and

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

factually frivolous without understanding or paying attention to the actual facts and legal theories in the complaint;" (2) "granted summary judgment without looking closely enough at the record to see that there were genuine material factual disputes;" (3) denied him a fair opportunity to be heard; and (4) erred by refusing to allow him to receive the discovery that he requested. He argues that his sworn, particularized declarations and affidavits "were completely disregarded though they highlighted and created genuine material factual disputes as they are factual in truth plus factual in law despite zero documentary evidence at times to support or corroborate them."

Pinkston's challenges to the adequacy of the district court's consideration of the record and the court's determinations regarding his discovery requests are conclusory and are belied by the record. Although Pinkston asserts that his appeal has been filed in good faith for the reasons set forth in his district court pleadings, such incorporation by reference is not permitted. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Pinkston has failed to meaningfully brief any challenge to the district court's reasons for denying his claims and granting the defendants' motions for summary judgment. As a result, he has abandoned any challenge to these determinations. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because he fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

This dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015). Pinkston is WARNED that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated

No. 23-60044

or detained in any facility unless he is under imminent danger of serious physical injury. *See id.* at 585; § 1915(g).