# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-50112
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2025

Lyle W. Cayce
Clerk

Robert Yezak,

*Plaintiff—Appellant*,

*versus*

Eddy Lange, *Sheriff*; Blue, *Bell County Law Enforcement Center Officer*; Bell County Law Enforcement Center Officers,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-519

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se and in forma pauperis (IFP), Texas prisoner Robert Yezak appeals the dismissal of his 42 U.S.C. § 1983 lawsuit against officials at the Bell County Law Enforcement Center. He also moves for an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appointment of counsel. We DISMISS Yezak's appeal as frivolous, BAR any future IFP filings, and DENY his motion for counsel.

## I. Dismissal of the § 1983 Complaint

We begin with Yezak's challenge to the dismissal of his lawsuit. We review a dismissal for failure to state a claim de novo. *Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022) (citation omitted).

Yezak's complaint—together with his more definite statement—is devoid of factual allegations that plausibly state a claim. Chief among its many deficiencies are his failure to name any defendants who could be sued and to plead when the alleged violations occurred or who was involved. On appeal, Yezak identifies no error in the district court's dismissal. He merely reiterates conclusory assertions without citing facts or law to show why the ruling was wrong.

Instead, he contends that with counsel's assistance he could have stated a valid claim, before pivoting to complaints about his state criminal proceedings, paper allotment, library access, and continued detention. Because Yezak's appeal lacks arguable merit, it is DISMISSED as frivolous. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015); 5th Cir. R. 42.2.[1]

## II. Future IFP Filings

We also BAR Yezak from proceeding IFP in future civil actions or appeals. Under 28 U.S.C. § 1915(g), a prisoner who has brought three or

---

[1] We do not consider Yezak's complaint of retaliation by a non-defendant because it is raised for the first time on appeal. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

more actions or appeals dismissed as frivolous or for failure to state a claim may not proceed IFP absent imminent danger of serious physical injury.

The district court's dismissal of Yezak's lawsuit counts as one strike, as does the dismissal of this appeal. *See* 28 U.S.C. § 1915(g), (h); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Yezak had already accumulated two prior strikes when similar complaints were dismissed for failure to state a claim. *Yezak v. Lange*, No. W-24-CA-518-ADA (W.D. Tex. Jan. 17, 2025) (ECF No. 12); *Yezak v. Lange*, No. W-24-CA-520-ADA (W.D. Tex. May 7, 2025) (ECF No. 20). He earned another strike in an appeal challenging one of those dismissals. *Yezak v. Lange*, No. 25-50127, 2025 WL 2530743 (5th Cir. Sep. 3, 2025).

Having now accumulated more than three strikes, Yezak is BARRED from proceeding IFP in any future civil action or appeal unless he demonstrates imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

### III. Motion for Counsel

Finally, we DENY Yezak's request for appointed counsel. A § 1983 plaintiff has no right to counsel unless his case "presents exceptional circumstances." *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1984 (5th Cir. 1991) (cleaned up). Yezak has shown none. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Cooper*, 929 F.2d at 1084.

\* \* \*

Accordingly, we DISMISS Yezak's appeal as frivolous, BAR any future IFP filings absent a qualifying exception, and DENY his motion for appointed counsel.