# United States Court of Appeals for the Fifth Circuit

———————

No. 25-40335
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2026

Lyle W. Cayce
Clerk

RAYMOND REGINALD PEOPLES, JR.,

*Plaintiff—Appellant*,

*versus*

GREG ABBOTT, *Governor of the State of Texas*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:25-CV-89

———————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Raymond Reginald Peoples, Jr., Texas prisoner # 2348963, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim under 28 U.S.C. § 1915A(b), based on the district court's finding that the complaint was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We review de novo a district court's decision to dismiss a § 1983 complaint for

———————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

failure to state a claim under § 1915A(b). *See Green v. Atkins*, 623 F.3d 278, 279-80 (5th Cir. 2010).

On appeal, Peoples does not address the district court's *Heck* determination. His failure to identify any error in the district court's reasons for dismissing his § 1983 action is the same as if he had not appealed that issue at all. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Peoples has accordingly waived any challenge to the dismissal of his § 1983 action on this ground. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008). Similarly, Peoples has abandoned any claim that parties retaliated against him for seeking legal redress by failing to brief the issue. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Because the appeal is without arguable merit, it is DISMISSED as frivolous. *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015); 5TH CIR. R. 42.2.

The district court's dismissal for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal as frivolous, and Peoples has accumulated at least one other strike. *See* 28 U.S.C. § 1915(g), (h); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015); 28 U.S.C. § 1915(h); *Peoples v Abbott*, No. 4:25-CV-3563 (S.D. Tex. Oct. 27, 2025). Because Peoples has now accumulated three strikes, he is BARRED from proceeding in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).