# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10800

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

Durand Toson,

*Plaintiff—Appellant*,

*versus*

Audrey M. Freeman, *Sergeant*; Alan W. Merchant, *Captain, Robertson Unit*; Dakota Thornton, *Captain, Robertson Unit*; John Doe #1, *Unit Classification Committee, Robertson Unit*; John Doe #2, *Unit Classification Committee, Robertson Unit*; Greg Rodriguez, *Major, Robertson Unit*; Jennifer Crozby, *Senior Warden, Robertson Unit*; John Doe #3; Audrey M. Freeman, *Sergeant*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CV-85

————————————————————————

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Durand Toson, Texas prisoner # 2206334, moves to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint as

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  By moving in this court to proceed IFP, he is challenging the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Toson argues that the magistrate judge (MJ), who presided over the civil action with Toson's consent, *see* 28 U.S.C. § 636(c)(1), erred by analyzing his claim against defendant Audrey M. Freeman under the standards applicable to claims of sexual abuse, rather than the standards for sexual harassment claims.  Toson asserts that he adequately pleaded an Eighth Amendment sexual harassment claim.  However, Freeman's verbal comments cannot support an Eighth Amendment claim.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Next, Toson contends that he did not raise any claims regarding the inadequate investigation of the incident involving Freeman and that the MJ's dismissal of such claims against defendants Alan W. Merchant, Dakota Thornton, Greg Rodriguez, Jennifer Crozby, and the John Doe defendants lacks relevance.  Because Toson has effectively disavowed his inadequate-investigation claims, and has not briefed them, those claims are deemed abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Toson contends that he pled claims under the Eighth Amendment based on the defendants' failure to protect him, and he faults the MJ for failing separately to address such claims.  However, the MJ mentioned Toson's failure-to-protect allegations while discussing the inadequate-investigation claims.  And in any event, our review of Toson's filings shows that he did not adequately plead a failure-to-protect claim.  *See Jones v.*

No. 23-10800

*Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *Robertson v. Plano City of Tex.*, 70 F.3d 21, 24 (5th Cir. 1995).

Finally, Toson argues at length that the MJ erred in dismissing his retaliation claims. However, because Toson merely asserted his personal belief that the defendants retaliated against him, and did not "produce direct evidence of motivation," nor "allege a chronology of events from which retaliation may plausibly be inferred," *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted), he cannot establish error as to the dismissal of his retaliation claims.

In view of the above, the appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), and the MJ's dismissal of Toson's underlying civil action also counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Toson previously incurred a strike as a result of the dismissal, as frivolous, of another appeal. *See Toson v. Taylor*, No. 23-10793, 2023 WL 8271965, at *2 (5th Cir. Nov. 30, 2023) (unpublished).

Because he has now accumulated at least three strikes, Toson is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *McGarrah v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015) (unpublished).